CALVIN E. JOHNSTON, survivor, plaintiff in error, *vs.* ALBERT G. REDD, trustee, defendant in error.

1. Where it is sought to render trust property subject to an execution against the *cestui que trust,* upon the ground that the consideration of the debt was supplies furnished for the use of the trust estate, evidence to the effect that such supplies were furnished for the use of a plantation owned by the beneficiary in another county, not embraced in the trust, was irrelevant.

2. Where property is conveyed in trust, for the use of a married woman, free from the debts of her husband, for her natural life, the beneficiary to have the possession and the use of the house and lot, with the rents and profits of the same, for the benefit of herself and family, the trustee to have power to sell and reinvest, with the consent of the beneficiary, remainder to her children, an executory trust is created, and the property is not subject to levy and sale at law.

3. Had the plaintiff alleged in his equitable plea, and proved at the trial, that the rents and profits of the trust property were more than what would be a reasonable support for the beneficiary and her

family, the surplus would be decreed to be applied to her separate indebteness.

Levy and sale.    Evidence.    Trusts.    Equity.    Before Judge CRAWFORD.    Muscogee Superior Court.    May Term, 1877.

Reported in the decision.

PORTER INGRAM; D. H. BURTS, for plaintiff in error.

PEABODY & BRANNON, for defendant.

WARNER, Chief Justice.

This was a claim case, on the trial of which the jury, under the charge of the court, found the property levied on not subject.    The plaintiff in *fi. fa.* made a motion for a new trial, on two grounds—first, because the court erred in refusing to allow the witness, N. L. Redd, to answer the question "whether the articles named in the account were bought for the use of the plantation of Henrietta E. Redd, in Chattahoochee county;" second, because the court erred in charging the jury "that if they believed all the testimony introduced in the case, they could not find the property subject to the execution."    The motion for a new trial was overruled, and the plaintiff excepted.

It appears from the evidence in the record, that the plaintiff's *fi. fa.* issued on a judgment obtained in May, 1875, against Albert G. Redd and Henrietta E. Redd, which was levied on ten acres of land about one mile north of Columbus, including the improvements thereon, known as the residence of A. G. Redd, and in his possession—levied on as the property of Henrietta E. Redd.    The property was claimed by A. G. Redd, as trustee for his wife, the said Henrietta E., under a trust deed executed in pursuance of a decree of the superior court of Muscogee county, by the said A. G. Redd, on the 6th day of November, 1865, by

which the property in dispute was conveyed to William Redd, as trustee, and his successors in trust, forever in fee simple, to have and to hold the same with the following conditions, trusts and restrictions, to-wit: "that the said William Redd shall hold the same strictly in trust for the sole and separate use of the said Henrietta E. Redd, free from the debts and liabilities of her present or any future husband, for and during her natural life; and on further condition, that the said Henrietta E. Redd shall have the possession and use of the said house and lot, with the rents and profits of the same, as her sole and separate estate, for the use and benefit of herself and family; and on further condition, that said trustee shall have power and authority to sell and dispose of the said house and lot with the assent of the said Henrietta E., which assent shall be manifested by her joining him in a deed to the same; and conditioned further, that the said trustee, in the event a sale is made, shall have power to reinvest the proceeds of sale in any other property, real or personal, taking proper deed to the same, and with the same trusts and conditions as are expressed in this deed, the said sale and reinvestment to be made when, in the judgment of the said trustee and the said Henrietta E., the same shall be to her interest to have the same done; and with the further condition that, upon the death of the said Henrietta E., the same shall become the property of the children of the said Henrietta E. living at the time of her death, and if any of her children shall be dead, then the children of such deceased child shall have the share of the parent." It was admitted at the trial that William Redd, the trustee named in the deed, had been discharged, and that said A. G. Redd had been appointed in his stead as trustee under said deed. It was shown by the evidence that Henrietta E. Redd was the wife of A. G. Redd, and that they have resided on said lot for twenty or thirty years; that they have four children, three of whom are under age.

1. There was no error in refusing to allow the question to

be answered propounded to the witness, N. L. Redd: whether the articles for which the debt was contracted were not bought as supplies for the plantation of Henrietta E. Redd, in Chattahoochee county? inasmuch as the title to the plantation in that county was not in issue upon the trial of the claim case then before the court.

2. There was no error in the charge of the court in view of the evidence contained in the record. The trust created by the deed for the benefit of Mrs. Redd and her family was an *executory* trust, and therefore the property in dispute was not subject to levy and sale at law, as was held by this court in *Jennings, trustee, vs. Coleman & Newsome,* decided during the present term.

3. The plaintiff, however, insists that, inasmuch as he has filed an equitable plea under the statute, that he is entitled to have the same relief in the common law court as he could obtain in a court of equity. If the plaintiff had alleged in his equitable plea, and proved at the trial, that the rents and profits of the trust property in controversy, were of greater value than what would be a reasonable support for Mrs. Redd and her family, according to their station and condition in life in the community in which they live, the surplus might, and probably would, be decreed by a court of equity to be applied to the payment of her separate indebtedness; but nothing of that sort was alleged in the plaintiff's equitable plea, nor proved at the trial. Therefore there was no error in overruling the plaintiff's motion for a new trial.

Let the judgment of the court below be affirmed.