WILLIAM P. JENNINGS, trustee, plaintiff in error, *vs.* COLE-MAN & NEWSOM, defendants in error.

Where the husband conveys property to the wife and children to be governed by certain trusts declared in the will of the wife's father, and the trusts therein declared are to the effect following: "I give to my executor and executrix hereinafter named, in trust for the sole and separate use of my said daughters severally during life, and at the death of either of them, then the portion of said child to descend to such child or children *as she may leave alive at the time of her death :*"

*Held*, that the trust is executory until the death of the daughter, and her interest in the estate can only be subjected to the payment of her debts by equitable proceedings, and cannot be reached by levy and sale.

Trusts. Levy and sale. Before Judge Kiddoo. Dougherty Superior Court. April Term, 1877.

Report unnecessary.

STROZER & SMITH; D. A. VASON, for plaintiff in error.

C. B. WOOTEN, for defendants.

JACKSON, Judge.

Coleman & Newsom levied a *fi. fa.* upon certain lands, or rather upon one-sixth of those lands, that being alleged to be the interest of Mrs. Cruger, the defendant in *fi. fa.*, in the lands.

The property was claimed by Jennings as trustee for Mrs. Cruger and family. The jury found the one-sixth subject under the charge of the court; the trustee moved for a new trial; it was refused, and he excepted.

The record is very voluminous, but in the view we take of the case it is not necessary to consider it all, or many of the points made by counsel. Whether or not the property Mrs. Cruger got from her father went into these lands, is immaterial, and the effect of the will made in South Carolina, and the effect of the trusts created therein upon property bought in Georgia, need not be considered, because Mr. Cruger conveyed this property—the property levied on here—to the trustee for the benefit of his wife and children, and in his deed he limited it and subjected it to the same trusts, terms and conditions as were contained in the will of Mrs. Cruger's father, Mr. Roberts.

Inasmuch as the only contest about the title to the property could have arisen between Cruger and his family as to whose money bought it, and as Cruger's debts and creditors are not in question, and no attack is made upon this property to subject it to any debt of his, but the contest is only between Mrs. Cruger's title and the trust title, his competency to make the deed of trust is not in question. If Mrs. Cruger's separate estate, created in South Carolina, went into the land levied on, the terms and trusts of the will of her father will control it; if Mr. Cruger's money bought it, he has deeded it to her and her children on the same terms and trusts. The marriage settlement could not change the trusts created by the will in property bequeathed

by the testator. So that the naked question is, what are the trusts created by the will of Mr. Roberts? Are they executed so as to pass the legal title, or vest any legal estate in Mrs. Cruger, particularly one-sixth of these lands, or is the trust executory? If executory, any interest she has cannot be subjected by levy and sale, but only by some equitable proceeding, the legal title being in the trustee ; if executed she has some estate in law which may be subjected by levy and sale.

The rule to ascertain the fact whether it be executory is a very simple one, and that is, does the executor or trustee have anything still to do, any estate to preserve for future division? The trust in the will is in these words, in the 12th item thereof, to-wit : " In trust for the sole and separate use of my said daughters, severally, during life, and at the death of either of them, then the portion of said child to descend to such child or children as she may leave *alive* at the time of her death." It is clear that the trustee must ascertain who will take the estate when Mrs. Cruger dies, and that the trust requires him to do so, and to see to it that the property is divided among those entitled. Therefore, we hold the trust executory, and that the interest of Mrs. Cruger cannot be subjected at law by levy and sale. If it could be, it seems that she took only a life estate, and one-sixth in fee has never vested in her. But the trust is still executory—the legal estate in the trustee must be preserved to carry it out—and her interests are equitable only, and the plaintiffs must institute equitable proceedings to condemn it. See 57 *Ga.*, 212. The judgment must therefore be reversed and the verdict set aside.

Judgment reversed.