## TRAMMELL *et al. v.* INMAN.

1. Prior to the adoption of the code, a conveyance of land by A to B, trustee for C, and to the heirs and assigns of B, for the use, benefit, and behoof in fee simple of B and his heirs and assigns, without otherwise expressing any use or trust or remainder, and without reference to any previous or other instrument creating a trust in favor of C, did not create B trustee for C, or give the latter any interest in the property conveyed either under its own terms or under a previously executed instrument between C and D, constituting B trustee for C.

2. Even if such deed did create a trust, C having been a married woman at the time of its execution and having lived long after the act of 1866, the trust became executed, and her children could not recover the land in ejectment as purchasers or remaindermen under the deed.

3. A marriage settlement entered into between C and D, wherein C conveyed to B, as trustee for certain purposes, all her rights, interests, and expectancy in the estate of her deceased husband and in the estate of her deceased father, and also her interest in and to the property of any other person by virtue of any gift, devise, or conveyance of any kind whatsoever made to her or to which she might at any time thereafter be entitled by law, was as to this latter clause ineffectual to convey any rights, as it was an attempt to convey a mere naked possibility without any present interest.

4. There was no error in excluding from evidence the application of the trustee for leave to sell, as part of the trust estate, the land conveyed by the deed above mentioned.

Submitted May 1, — Decided July 18, 1902.

Complaint for land. Before Judge Lumpkin. Fulton superior court. October 16, 1901.

*King & Spalding* and *Ulysses Lewis*, for plaintiffs, cited Hill, Tr. 65; Perry, Tr. §§ 82, 328; 10 *Ga.* 534; 100 Mass. 486; 97 *Ga.* 710; 39 *Ga.* 101; 42 *Ga.* 95, 114; 14 Am. & Eng. Enc. L. 539; 106 *Ga.* 775; 99 *Ga.* 444; 67 *Ga.* 264; 23 *Ga.* 484; 26 *Ga.* 142; 32 *Ga.* 264; 82 *Ga.* 696; 85 *Ga.* 585, 705; 94 *Ga.* 676; 78 *Ga.* 245; 14 How. 487; 6 Wall. 458, 471; 64 *Ga.* 496; 54 *Ga.* 170; 105 *Ga.* 805; Civil Code, §§ 3875, 5007, 5656, 5188.

*John L. Hopkins & Sons* and *Gray, Brown & Randolph,* for defendant, cited Civil Code, §§ 2998, 3537, 2723, 3156 – 7; 3 *Ga.* 283; 14/124; 51/482; 52/27; 91/749; 92/260; 93/12; 101/675; 107/402; 109/287; 110/259, 283; 111/698; 112/485; 113/ 22, 30; 81/29, 36; 55/504; 69/330; 26/522; 42/115; 21/161; 51/46; 29/58; 46/593; 47/674; 64/767; 19/454, 577; 70/78; 41/426, 436 – 7; 48/537; 57/213; 59/718; 73/140, 771; 78/213; 92/772; 105/731; 106/782; 100/439; 30/295; 53/416; 55/586;

58/574; 77/748; 82/336; 94/307; 101/466; 104/382; Atherton, Mar. Set., 27 Law Lib. *51; Broom's Leg. Max. (5th Am. ed.) 332, *440, " Licet Dispositio."

SIMMONS, C. J. The children of Mrs. Lucinda A. Trammell brought an action of ejectment against Inman. They claimed title as purchasers or remaindermen under a marriage settlement entered into between their mother and father in 1846. That marriage settlement constituted Dickerson H. Walker trustee of the mother, and in it she conveyed to him all her right, title, and interest in the estate of her deceased husband and in the estate of her deceased father, with remainder after her death to her children if any should be living. These plaintiffs are the only children or descendants of children surviving her. The marriage settlement, after conveying the interests above mentioned, also undertook to convey "the interest which the said Lucinda A. may now have or at any future time acquire . . in and to the property of any other person or persons, by virtue of any gift, devise, or conveyance of any kind whatsoever made to the said Lucinda A., or which she may at any time hereafter be entitled to by law." This marriage settlement was introduced in evidence as part of the plaintiffs' title. Plaintiffs also introduced a grant of this land from the State and a chain of deeds from the grantee to Jones. They also introduced a deed from Jones to Walker. This deed conveyed to "Dickerson H. Walker, trustee of Mrs. Lucinda A. Trammell," "his heirs and assigns," the land in dispute; "to have and to hold unto him the said Dickerson H. Walker, trustee as aforesaid, his heirs and assigns, . . to his and their own proper use, benefit, and behoof forever in fee simple." It closed with a warranty to "the said Dickerson H. Walker, trustee as aforesaid, his heirs and assigns." The plaintiffs also offered in evidence an application of Walker as trustee, praying for leave to sell this land, in which application Mrs. Trammell joined, and an order granted by the superior court allowing the trustee to sell. Upon objection of the defendant, this evidence was excluded. The plaintiffs closed their case, and the court, upon motion of defendant, granted a nonsuit. The plaintiffs excepted.

1. After a careful consideration of the record and of the able and exhaustive briefs of learned counsel on both sides, we have come to the conclusion that the court did right in granting a nonsuit. Plaintiffs predicated their right to recover upon the marriage settlement

and the deed from Jones to Walker, the trustee of their mother under the marriage settlement. They claimed as purchasers or remaindermen under the marriage settlement, and that the deed from Jones made the land conveyed a part of the trust estate which was controlled by the terms of the settlement; that inasmuch as Walker was appointed and designated, in the marriage settlement, trustee of all the property of their mother, and as the deed from Jones was to Walker as her trustee, the deed adopted the terms of the settlement and made plaintiffs the remaindermen of this land as well as of the land directly conveyed by the marriage settlement. We do not agree with them in these contentions. It will be seen that the deed from Jones merely styled Walker " trustee of Mrs. Lucinda A. Trammell." The deed created no use for the benefit of Mrs. Trammell, nor were there any expressions of trust or any limitation over to the children or to any one else. Nor did the deed refer to the marriage settlement or to any other paper creating Walker trustee for Mrs. Trammell. On its face it appears to have been a regular deed of bargain and sale, placing the title in Walker, his heirs and assigns. The habendum clause was to Walker, " trustee as aforesaid," his heirs and assigns, to his and their own proper use, benefit, and behoof forever in fee simple, and the warranty was to Walker, trustee, his heirs and assigns. This deed, having been made prior to the adoption of the first code of this State, did not create a trust for Mrs. Trammell, but put the title in Walker as an individual, the words " trustee of Mrs. Lucinda A. Trammell" being merely descriptio personæ. The deed so made did not create in Mrs. Trammell a separate estate. *Logan* v. *Goodall,* 42 *Ga.* 95. But it is contended that, inasmuch as Walker had been made by the marriage settlement trustee for Mrs. Trammell as to all of the property conveyed by that settlement and such property as she might acquire, the reference in the Jones deed to Walker as trustee affected the conveyance with the terms of the settlement. Had the Jones deed mentioned the terms of the marriage settlement or that Walker had been appointed trustee for all the property which Mrs. Trammell had or might acquire, perhaps this contention would have been correct. But the deed does not in the remotest manner refer to the marriage settlement or any other writing by which Walker had been made trustee. There is no intimation that he is her trustee, save by the description of him as such. Even if the

deed had mentioned the appointment of Walker as trustee under the marriage settlement, this property was not owned by Mrs. Trammell at the time the settlement was made nor had she any interest in it. It was acquired thereafter. Some authorities hold in such a case that it would be necessary for Mrs. Trammell and her husband to have taken some active step in order to place the land conveyed in the Jones deed under the marriage settlement. Of course a recital in the Jones deed that the land should be held under the terms of the marriage settlement would have been all-sufficient, but there was no such recital. In fact, there was no allusion to the marriage settlement, and we think the proper rule is to construe the deed according to its own terms. See *Clarke* v. *Land Co.*, 113 *Ga.* 21 (6).

2. Conceding, for the sake of the argument, that a trust was created by the deed from Jones, then it was nothing more than a naked trust. As before remarked, no use was set out in the deed nor was there any limitation over. The record discloses that Mrs. Trammell lived until the year 1898. The married woman's act was passed in 1866. Mrs. Trammell was in life after the passage of that act, and the trust, if one had been created, became executed and the title vested in her. That this is true is established by numerous decisions of this court. See *Bradley* v. *Porter*, 111 *Ga.* 886, and cases cited. If this was true, then the title, so far as appears from this record, remained in Mrs. Trammell until she died. These plaintiffs do not sue as her heirs at law, but claim title as purchasers under the marriage settlement and deed, and can not recover at all unless they recover in the capacity in which they sue.

3. There is another reason, in our opinion, for sustaining the judgment of the court below. That part of the marriage articles in which Mrs. Trammell undertook to convey to a trustee such interest as she might thereafter acquire in the property of any other person by virtue of any conveyance or by law was invalid and ineffectual. She undertook to convey property which she did not possess or have any expectation of possessing and in which she had no present interest whatever. It was no more than a mere chance. Some one might give her property other than that mentioned expressly, or she might inherit such property, or she might purchase property, and in each case it would come within the broad terms of this settlement. This part of the settlement was an attempt to dispose of

a bare naked possibility, which, in this State, is not the subject of grant or sale. A son can not, in law, convey to another such property as he may inherit from his father who is in life at the time of the conveyance, and yet to do so would be to convey an interest less remote than that sought to be disposed of by the marriage settlement in the present case. Counsel for the plaintiffs in error base part of their argument on the assumption that this land was purchased by Walker with part of the money of the trust estate created by the marriage settlement. In other words, that Walker, the trustee, used trust money to pay Jones for the land. We have carefully read the record, and find therein no authority for such a position. There is nothing to indicate that any money of the trust estate went into the land. For the reasons above given, we think the plaintiffs failed to show title in themselves to the tract of land in dispute, and that the trial judge did not err in granting a nonsuit.

4. The only remaining question is as to whether the judge erred in excluding the evidence referred to in the statement of facts. This was the record of an application by Walker, as trustee, to the superior court of DeKalb county, for leave to sell this land. The application states that the trustee had authority, under the marriage settlement, to sell or dispose of any property belonging to the trust estate, with Mrs. Trammell's consent. The record also showed that Mrs. Trammell consented to the sale, and that the judge of the superior court granted an order permitting it. This leave was to sell the land to a named person, who appears to be the person under whom Inman claims. Upon objection by the defendant this evidence was excluded. The bill of exceptions complains of this ruling. In our opinion this ruling was not hurtful to the plaintiffs. We presume it was offered for the purpose of showing that the trustee recognized this property as coming under the terms of the marriage settlement and being controlled thereby. Even had it shown this, plaintiffs would have been in no better position because of its admission. If the marriage articles empowered the trustee to sell and dispose of any property belonging to the trust estate, by and with the consent of Mrs. Trammell, and the trustee with her consent applied for leave to sell and this leave was granted and the land so sold, this was sufficient to convey the title out of the trust estate into the purchaser. *Headen*

v. *Quillian*, 92 *Ga.* 220. If the land was not sold under the order, then the record was inadmissible as against Inman, who was in no way a party thereto or connected therewith.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*