## WALTERS *v.* WALTERS, executrix.

1. Without at this time deciding the nature of the interest of the plaintiff in his father's estate, whether a contingent remainder, a vested remainder, or a remainder vested but liable to be divested, the power contained in the will gave to the executrix an absolute and unlimited right to sell any or all of the real estate of the testator, without the order of any court and either at public or private sale. Consequently the executrix was fully authorized to sell the realty belonging to the estate of her testate, the sale of which the plaintiff sought to enjoin.

2. Having properly sustained the demurrer, it followed as an inevitable consequence that the petitioner's prayer for injunction could not be granted.

3. In pressing for a decision upon her demurrer the executrix, who alone had the right to ask a construction of the will, sawed off the limb on which her answer sat. Consequently, with the dismissal of the petition the answer fell; and it was not within the power of the judge thereafter to adjudicate in behalf of the defendant, as prayed by her, what were her rights or the ultimate interest of the several legatees under the will.

No. 5471. FEBRUARY 26, 1927.

Equitable petition. Before Judge Custer. Dougherty superior court. May 15, 1926.

Jesse W. Walters died leaving a will which was duly probated in solemn form. The third item of the will was as follows: "I give and bequeath to my beloved wife, Minnie D. Walters, all my household and kitchen furniture and furnishings, including pictures, silverware, glassware and crockery. All the rest of my estate, both real and personal, of every kind, wherever located, I give, bequeath, and devise to my said wife for and during her natural life, except as provided in the next item of this will." Item 4 provides as

---

Estates, 21 C. J. p. 979, n. 33; p. 981, n. 45 New.

Executors and Administrators, 24 C. J. p. 163, n. 98; p. 165, n. 29; p. 168, n. 50, p. 171, n. 81.

Pleading, 31 Cyc. p. 350, n. 24 New.

Wills, 40 Cyc. p. 1823, n. 87; p. 1845, n. 99; p. 1848, n. 20.

follows: "I give, bequeath, and devise to my said wife and to my unmarried daughter, Miss Willie Walters, each a life-estate in my house and lots on Tift Street, Albany, Georgia, now used by me and my family as a place of residence. The life-estate of my said daughter is to begin at the death of my wife, and is to terminate upon the marriage or death of my said daughter. If my said daughter is married at the time of the death of my said wife, both of said life-estates terminate at the death of my said wife, and said property shall revert to my estate and shall be ready for distribution according to the terms of this will. If, during the life of my said wife, it should be her desire to sell said house and land, she may do so without the consent of my daughter or any one else, but I direct that the proceeds from such sale be reinvested in real estate in Albany, Georgia, which is to become subject to the life-estates created in this item of my will in lieu of said house and land now occupied by me and my family as a place of residence in Albany, Georgia. After the death of my said wife, said property or the real estate bought in lieu thereof, as provided in this item of my will, shall not be sold until the death or marriage of my said daughter. Upon her death or marriage, said property or that bought in lieu thereof is to revert to my estate, to be distributed as provided for the remainder of my property under the terms of this will." Item 5 provides: "I give to my executors, hereinafter named and appointed, full power to sell any part, or all, of my estate whenever they think best, but the proceeds are to be held for the purpose of carrying out the terms of this will. Said executors are given the power to mortgage any part of my estate, or give other evidences of security for indebtedness on the same, at any time they may desire, for the purpose of paying my debts, improving any of the property belonging to my estate, or for the purpose of giving my said wife an income or for the purpose of making advancements as hereinbefore [hereinafter] allowed by this will. If said executors desire to sell any part of my estate, or all of the same, they are given power to do so, at public or private sale, with or without advertisement, and without the order of any court, as they think best. The power given in this item of my will to mortgage or otherwise encumber any part of my estate my said executors may also perform without any order of any court, publicly or privately. Nothing in this item of my will shall con-

flict with the rights of my wife and daughter in the life-estates created in item four of this will. During the life of my wife, all deeds and all mortgages, notes, and other papers necessary to be signed in carrying out the terms of this will, shall not require the signatures of all the executors to make such deeds, mortgages, notes, and other papers valid, though all my executors may sign if they so desire. The signature of my wife shall be sufficient, but the signatures of my other executors shall not be sufficient without her signature during her life. I make this provision in order to save time in the execution of papers pertaining to my estate, as one of my executors, Hilsman Walters, now resides out of Dougherty County, Georgia." Item 6 provides: "If my executors, hereinafter named and appointed, desire to advance any of my children or representatives of children a part of my estate, they are authorized to do so after the payment of my debts. Such advancements are to be charged to the interest of such beneficiary in my estate, to be accounted for in the final division of my estate, by such beneficiary. The amount so advanced must not exceed the proportionate share of such beneficiary in my estate." By the provisions of item 7 the testator appointed his wife, Minnie D. Walters, and his two sons, Hilsman and Chovine Walters, executors, relieving them from giving bond, making any inventory or appraisement of his estate, and making any returns to any court; and provided that in case of disagreement between the executors the desires of his wife should predominate. Item 8 provides: "At the death of my said wife, all my estate is to vest in my heirs as determined by the laws of Georgia. My remaining executors are to take charge of my estate and continue to manage it under the terms of this will, and are to divide such remainder of my estate or sell it and divide the proceeds whichever a majority of my children may desire, and are to deliver to each of my heirs his or her proportionate part as determined by the laws of inheritance in Georgia. My said remaining executors are to have all the powers and privileges to the control and management of my estate as are specified in this will. In case they can not agree on any question, they are to abide by the majority opinion of my children."

Mrs. Minnie D. Walters alone qualified as executrix, and she has been in control of the estate since 1921. In May, 1926, E. C. Walters filed a petition alleging that J. W. Walters died on April

21, 1921, and attaching a copy of his will. He prayed that Mrs. Walters as executrix be enjoined from selling the timber upon certain lands described, and a storehouse in the City of Albany. "Petitioner claims a vested remainder in said farm lands as an heir of the said J. W. Walters, deceased, and alleges that if said executrix be allowed to sell said timber it would be damage to the freehold, which a court of equity has the authority and is bound to protect." He further alleges that he has a vested remainder in the store building. The executrix filed a demurrer on the ground that the petition set forth no cause of action; and an answer in which she asserted her right to sell not only the timber upon land lots of the estate, but also the store buildings, if she considers it to the best interest of the estate to do so (though she denied that she was about to sell the building referred to). She contended that the plaintiff had only a contingent interest in the estate. She asked that the court construe the will, and so remove any cloud upon her right and authority thereunder. The court sustained the general demurrer and dismissed the petition. The plaintiff excepted.

*George L. Sabados,* for plaintiff.

*E. L. Smith,* for defendant.

RUSSELL, C. J. (After stating the foregoing facts.)

1. In giving the reasons for the judgment of dismissal the judge states in his order that the plaintiff has only a contingent remainder in the estate, and for that reason, if for no other, he has no cause of action and can not stop the sale of the land which the petitioner was seeking to enjoin. The judge placed the dismissal upon the ground that the plaintiff's interest in the land was insufficient to enable him to prosecute his action. Regardless of the reason assigned by the judge, we shall affirm his judgment, because for another all-sufficient reason we think the conclusion reached by him was correct. Regardless of the plaintiff's interest in his father's estate, whether a mere contingency, a vested remainder, or a vested remainder subject to be divested, the demurrer was correctly sustained. The whole purpose of the plaintiff's case was to enjoin the sale of two certain pieces of realty. The plaintiff did not ask the construction of the will, and he could not, because this right appertains alone to the executrix. The plaintiff appears in his individual capacity. He attached to his petition a

copy of the will, and the defendant demurred to the petition as a whole. Consequently the whole will was before the court. Under its provisions the question was whether the executrix had the right to sell the property referred to. The judge was authorized, by the provisions of item 5 of the will, to hold that the powers con-ferred upon the executrix authorized her to sell, not only the property referred to in the petition, but all the property of the testator except that mentioned in item four. Under these circumstances it was unnecessary to construe the will. Item 5 contains the following provision: "If said executors desire to sell any part of my estate, or all of the same, they are given power to do so, at public or private sale, with or without advertisement, and without the order of any court, as they think best." As of the executors named Mrs. Walters alone qualified as executrix, we hold that this provision gave her solely absolute power of sale.

2. The executrix, by pressing the decision upon the demurrer, herself cut off the limb upon which her request to construe the will rested. When the petition was dismissed by sustaining her general demurrer (no matter on what ground), the answer fell, and there was therefore nothing before the court which would authorize a construction of the will. The judge was authorized to dismiss the petition on the power of sale contained in the fifth item. At any rate, we hold that he could have acted upon the power of sale contained in that item, and therefore it was unnecessary to rule upon the question as to the interest of the plaintiff in the estate of his father at that future time when his mother, the executrix, shall have died and when for the first time the estate is subject to distribution. Of course, in passing upon the demurrer the court did not have before it and could not consider the answer of the defendant. The defendant's demurrer could only be used to decide the allegations of the petition. With the fall of the petition fell the answer, thus rendering it impossible for the judge or for this court to construe the will. If the executrix desires a construction of the will, a petition praying instruction will reach and accomplish the desired end.

*Judgment affirmed. All the Justices concur, except Hill, J., absent on account of illness.*

HINES, J., concurring specially. 1. It will be noted from the contents of the will that the testator bequeathed his household and

kitchen furniture and furnishings to his wife absolutely. He bequeathed and devised to his wife all the rest of his estate, both real and personal, for and during her natural life, except as provided in the fourth item of his will. By this item he devised to his wife and unmarried daughter each a life-estate in his residence in Albany, the life-estate going to his daughter to begin at the death of the wife, and to terminate upon the marriage or death of the daughter. It is further provided that the wife, during her life, if she desires, can sell his residence, without the consent of the daughter or any one else, and that the proceeds of such sale are to be reinvested in real estate in Albany, which is to become subject to the life-estates created in said item. In this item it is provided that after the death of the wife, the residence or the property bought in lieu thereof shall not be sold until the death or marriage of the daughter; and upon her death or marriage, the residence or the property bought in lieu thereof shall revert to the estate of testator, to be distributed as provided for the remainder of his property under the terms of his will. The testator gives to his executors full power to sell at public or private sale, and without the order of any court, any part or all of his estate whenever they think best, but the proceeds are to be held for the purpose of carrying out the terms of his will. The executors are likewise given power to mortgage any part of his estate, or give security for indebtedness on the same, at any time that they may desire, for the purpose of paying his debts, improving the property, or for the purpose of giving his wife an income, or for the purpose of making advancements as provided by the will. It is further provided that during the life of the wife all deeds, mortgages, notes, and other papers necessary to be signed in carrying out the terms of the will, could be signed by the wife alone, although all the executors might sign if they so desired. The executors are authorized to make advancements to any of his children or representatives of children, provided such advancements do not exceed the proportionate share of such beneficiary in his estate. The will then provides that, at the death of his wife, all his estate is to vest in his heirs, as determined by the laws of Georgia, and the remaining executors are to divide such remainder of his estate, or sell and divide the proceeds, as a majority of his children may so desire, and deliver to each of his heirs his or her proportionate part as determined by the laws of inheritance of this State.

Are these remainders vested or contingent? A vested remainder is one limited to a certain person at a certain time, or upon the happening of a necessary event. Civil Code (1910), § 3676. Are these remainders limited to certain persons? At the death of the wife all the estate of testator is to vest in his heirs, as determined by the laws of Georgia. At that time the remaining executors are to divide the estate of testator then remaining, or sell it and divide the proceeds, as a majority of the children may desire, and deliver to each of the heirs his or her proportionate part as determined by the laws of distribution in this State. The persons who are to take in remainder are the heirs at law of testator, as determined by the laws of Georgia. When the testator died his heirs at law became certain. He left children. They were his heirs at law. So the persons who are to take the remainders are certain. They are likewise to vest in possession at a certain time, or upon the happening of a necessary event, that is, the death of the wife. So the persons to take in this case were certain and ascertained at the time of testator's death. The event on the happening of which they were to vest was a necessary one. The uncertainty as to the mere quantum of property that was to vest did not make the remainders contingent. They were subject to be divested, in whole or in part, by the executor's sale or disposition of the whole or some part of the property left by testator. This contingency, however, did not deprive the remainders of their character of being vested. Where remainders are subject to be divested, in whole or in part, by the disposition of the whole or some part of the property left by the testator, this contingency does not deprive the remainder of its character as vested. *Melton* v. *Camp,* 121 *Ga.* 693 (49 S. E. 690); *Cochran* v. *Groover,* 156 *Ga.* 323, 332 (118 S. E. 865). There is a distinction between the uncertainty which makes a remainder contingent and the uncertainty of the estate ever taking effect in possession, which is incidental to even a vested remainder. In a vested remainder the time of possession and the enjoyment being deferred, there is always an uncertainty as to whether the estate will ever be enjoyed in possession. 23 R. C. L. 500, § 33. So where an estate was given to one for life, with remainder to another, if living, the remainderman took a vested remainder subject to be divested upon dying before the life tenant. *McDonald* v. *Taylor,* 107 *Ga.* 43 (32 S. E.

879). A vested remainder may be absolutely or defeasibly vested. Such a remainder has, until the contingency happens, all the incidents of indefeasible interests; and if the contingency never happens, the estate becomes absolute. *Gaboury* v. *McGovern,* 74 *Ga.* 133; *Sumpter* v. *Carter,* 115 *Ga.* 893 (42 S. E. 324, 60 L. R. A. 274). The provision of the will that at the death of testator's wife all his estate is to vest in his heirs refers to the vesting of remainders in possession, and not to the vesting of title to the remainder estates. The case of *Darnell* v. *Barton,* 75 *Ga.* 377, is clearly distinguishable from the case at bar. In that case the persons who were to take were uncertain. The will in that case gave to the wife an estate for life, and at her death directed that the remainder of testator's property should be sold by the executors and be equally divided among his children; and in the event that any of his children should die prior to the death of the life-tenant, leaving child or children, then such child or children should stand in the place of its or their deceased parent and "heir a child's part." The persons who would take under the will in that case depended upon the happening of an uncertain event, the death of a child without child or children during the life of the life-tenant. What was said in that case as to the uncertainty as to the quantum of the estate which would vest in possession in the remaindermen, as a factor bearing upon the classification of the remainders, was entirely beside the question decided. The law favors the vesting of remainders in all cases of doubt. Applying these principles, I am of the opinion that the remainders are vested and not contingent, and that the court below erred in holding that these remainders are contingent.

2. The will gives full power to his executors to sell at public or private sale, and without any order of court, any part or all of his estate, whenever they think best, but the proceeds are to be held for the purpose of carrying out the terms of his will. The executors are likewise empowered to mortgage any part of his estate, or to give security for indebtedness on the same, at any time they may desire, for the purpose of paying debts, improving the property, for the purpose of giving his wife an income, or for the purpose of making advancements as provided by the will. Under the will the wife alone can sign all deeds, mortgages, notes, and other papers necessary to be signed in carrying out the terms of

the will, and the signatures of all of the executors are not required to make such instrument valid. It expressly declares that the signature of the wife shall be sufficient. As the wife alone qualified as executrix, she as sole executrix can sell, mortgage, or dispose of any part of testator's estate for the purposes mentioned in the will. She can sell or encumber the property for the purposes of her support, for paying debts of the testator, for improving his property, or for making advancements to the children of testator, provided such advancements do not exceed the proportionate part of the estate to which such child is entitled under the will. The petition does not allege that the executrix is selling this timber or the storehouse for any purposes other than those for which she is authorized by the will to sell. This not appearing, we do not think that the petition makes a case for enjoining the executrix from selling this timber or storehouse, upon the ground that the plaintiff has a vested remainder in the property of the testator. Under the will she clearly has the right to sell any or all of the estate for the purposes named in the will; and she should not be enjoined from so doing, unless she is exercising the power of sale unreasonably and in an arbitrary manner calculated to injure the estate.

3. The petition was brought by one of the remaindermen, to enjoin the executrix from selling a storehouse and the timber on a tract of land belonging to the estate of testator. The petitioner alleges that the sale of said timber will practically denude the estate of all timber, and render it difficult to obtain tenants to work the lands of the estate; and that the freehold estate will be damaged by the sale of said timber. Do these allegations make a case of the unreasonable exercise by the executrix of the power of sale conferred upon her by the will of the husband? The petition certainly makes no such case, so far as the storehouse is concerned. Does it make such a case as to the timber? We do not think so. The fact that it will be difficult to rent the lands after the timber is sold does not in and of itself constitute an unreasonable exercise of the power of sale vested in the executors. The allegation that the freehold estate will be damaged by the sale of the timber does not make a case of an unreasonable exercise of the power of sale. How and in what manner it will be damaged is not stated. The land may be worth less without the timber than with the timber,

and any sale of the timber may lessen the value of the freehold; but the broad power given the executrix to sell any part or all of the estate of the testator authorizes her to sell any part or all thereof.    She can sell the land and timber together, or she can sell the timber alone, for the purposes stated in the will.    So we are of the opinion that the petition does not make a case showing an unreasonable exercise of the power of sale.

4.    So, while I think that the trial judge erred in holding that these remainders were contingent remainders, and while I am of the opinion that they are vested remainders subject to be divested by a sale of any or all of the property of the testator under the broad power vested in his executrix, I do not think that the petition makes a case authorizing the grant of an injunction to restrain the executrix from selling the storehouse or this timber. This being the relief sought by petitioner, I do not think that he makes a case entitling him to such relief, as he does not allege that the executrix is not selling this property for some one or more of the purposes for which she is authorized to sell the same, and as he does not allege facts sufficient to show that the executrix is exercising in an unreasonable and arbitrary manner the broad powers of sale given her under the will.    So I concur in the judgment in this case, but I can not agree that the remainders are contingent.

Mr. Justice Atkinson concurs in the above views.