YANCEY *et al. v.* GRAFTON.

No. 14666.   NOVEMBER 12, 1943.

*Barry Wright* and *Carlton Wright,* for plaintiffs in error.

*Wright, Willingham & Fullbright,* contra.

DUCKWORTH, Justice. The plaintiffs in error contend that no present interest whatever is shown by the petition to be in Hamilton Yancey Jr., against whom equitable relief is sought; and that even if it could be said that he has a contingent-remainder interest under the will of his father, it is not such an interest as would authorize the aid of a court of equity, as prayed. The defendant in error contends that the contingency as to the interest of the legatee is only as to a future event or time of payment, no futurity being annexed to the gift; that, without reference to whether the interest be a vested or a contingent remainder, it is an interest which is an equitable asset of the legatee debtor; and that a court of equity has power to appoint a receiver as prayed. In support of the latter argument we are cited to the Code, § 37-408, which provides that "Equitable assets may be reached by a creditor in every case where he shows that there is danger of not being satisfied out of legal assets" and § 28-103, which provides that "Courts of equity shall assist creditors in reaching equitable assets in every case where to refuse interference would jeopardize the collection of their debts." The inquiry before this court is whether or not the legatee, Hamilton Yancey Jr., has any *present* equitable interest under the will. In construing wills the paramount and essential rule is to ascertain the intention of the testator and give complete effect thereto, provided it is not unlawful; and in order to arrive at the intention of the testator every portion of the will should be considered. *Ivey*

v. *Davis,* 175 *Ga.* 607 (165 S. E. 605). "While cases involving the construction of wills may guide us in the general rules of construction, they should not be considered as binding authority unless the cited case is in every respect directly in point, and agreed in every respect with the will to be construed. *Comer* v. *Citizens & Southern National Bank,* 182 *Ga.* 1, 5 (185 S. E. 77). 'Precedents, or adjudged cases, are of but little authority, and of dangerous application, in deciding upon the intention of a testator; the construction depends so much on each case, upon the character of the testator, the terms he employs, and all the surrounding circumstances.' *Cook* v. *Weaver,* 12 *Ga.* 47 (3)." *Refinance Corporation* v. *Wilson,* 183 *Ga.* 336, 339 (188 S. E. 707).

We have no hesitancy in holding that the will under consideration shows that until the time of distribution title to all of the testator's property was placed in the executor or the trustee, it being his intention to clothe them with full title, power, and authority to manage and control his estate, free from all interference or importunities from any "ultimate" legatee, and postponing to the time of distribution, not only the acquisition of any part of the net proceeds, but the accrual of a right to any portion of such distribution. Any doubt as to this intention of the testator vanishes by a consideration of the express provision in item 26 of the will that "None of the legatees, devisees, or beneficiaries named shall have any interest or estate until or unless distribution is made under this will." The only *present* interest that the legatee, Hamilton Yancey Jr., could be said to have under the will is nothing more than a mere chance or possibility to succeed to an absolute and definite interest; and this could be resolved in his favor only in the event that, by reason of the obligations or debts of the testator being discharged by the trustee, the latter should become able to declare, under the directions of the will, an existing right or interest in the legatee at such time, and to then distribute to him his proper share of the trust fund.

Is such a bare contingency one in respect to which the aid of a court of equity might be invoked? A future interest may be conveyed by deed (Code, § 29-103), but "A bare contingency or possibility may not be the subject of sale, unless there shall exist a *present* right in the person selling to a future benefit." Code, § 96-102. In *Trammell* v. *Inman,* 115 *Ga.* 874 (42 S. E. 246), which involved a marriage settlement, a widow conveyed to a trustee,

among other things, "her interest in and to the property of any other person by virtue of any gift, devise, or conveyance of any kind whatsoever made to her or to which she might at any time thereafter be entitled by law." With respect to her undertaking to convey such interest as is described above, this court ruled that it was ineffectual, for the reason that she lacked a present interest and was seeking to convey a mere naked possibility. In *Dailey* v. *Springfield,* 144 *Ga.* 395 (87 S. E. 479, Ann. Cas. 1917D, 943), a vendor conveyed "all the present rights in or title to all interests that" he "may become possessed of, either by inheritance or by deed from" the mother of the vendor in certain city lots which she then owned, and any interest he "may in the future become possessed of in any other city property, . . either by deed or inheritance from" the mother. This court held that the deed was an attempt to convey a mere naked possibility without any present interest, and was void. The principle that a deed conveying a bare contingency does not pass title was recognized in *Grant* v. *Sosebee,* 169 *Ga.* 658, 663 (151 S. E. 336), and *Shockley* v. *Storey,* 185 *Ga.* 790 (196 S. E. 702). It follows the common law, which discountenanced sales of mere expectancies. As was said in Hoyt *v.* Hoyt, 61 Vt. 413, 416 (18 Atl. 313) : "At common law agreements for the sale of expectancies are generally held to be pernicious and void, for the reason that they offer temptations to heirs to anticipate the enjoyment of property by making disadvantageous bargains, which tend to their harm and to involve the name and character of the family." This rule prevents the defendant from alienating any property he may receive under the will; hence the petitioner's judgment if kept alive would automatically attach thereto the instant it becomes his.

A sale of the nature above mentioned being void, it follows as a logical corollary that a court of equity, which follows the law, will not lend its aid to a transfer of a mere expectancy such as would be involved in the appointment of a receiver with authority, as prayed, to sell "the interest of the said Hamilton Yancey Jr. in and to all property and interest in said estate of Hamilton Yancey, and to apply the proceeds thereof to the satisfaction of the aforesaid judgment of your petitioner." For the reasons above shown, the petition did not set forth a cause of action; and the court erred in overruling the general demurrers.

*Judgment reversed. All the Justices concur.*