35815. HENDERSON et al. v. COLLINS et al.
35816. HUNT v. COLLINS et al.

CLARKE, Justice.

On February 1, 1977, appellee (Collins) obtained judgment against appellant (Hunt) for $300,000. This judgment was affirmed by the Court of Appeals in *Prudential Timber & Farm Co. v. Collins,* 144 Ga. App. 849 (243 SE2d 80) (1978). In his complaint, Collins alleged that a trust established in 1941 in Louisiana was used to shield Hunt's assets. Hunt is one of four beneficiaries under the trust, and appellant Henderson has been trustee since 1973.

Collins filed a motion to require sale, requesting that the superior court order a sheriff's sale of Hunt's equitable interest in the trust. The superior court entered an order granting Collin's motion. This order is the subject of the present appeals by Hunt and Henderson. Collins then moved to dismiss the appeal on the ground that appellants should have sought an interlocutory appeal rather than proceeding via direct appeal. Inasmuch as the order appealed from orders an accounting by the trustee, we find that a direct appeal is proper under Code Ann § 6-701 (a) (3).

The trust in this case was established in Louisiana in 1941 by the settlor for the benefit of her four children. Paragraph two of the instrument provided that the corpus should not be diminished during the life of the trust except with respect to distribution to a beneficiary whose interest in the trust was dissolved in accordance with the provisions of the instrument. Paragraph nine of the instrument provided that each beneficiary would be construed as the owner of an undivided one-fourth interest in the trust estate. This paragraph further

provided that during the life of the trust no beneficiary should have any right with respect to the property other than to receive after his majority such distribution of net earnings as might be awarded by the trustee in the trustee's discretion. Each beneficiary should have the right of a complete distribution of his portion of the property at the termination of the trust as it applies to each beneficiary. Paragraph twelve provides that the trust should continue in effect as to each beneficiary for the longest period of time provided under the Trust Estates Act of Louisiana.

The parties are in apparent agreement that the longest period of time applicable is ten years after the settlor's death. Paragraphs ten and eleven of the trust instrument deal with transfer of a beneficiary's interest in the trust. Paragraph ten provides: "The death, insolvency or bankruptcy of either or any beneficiary hereunder, or the transfer of his respective interest in any manner, by descent or otherwise, during the continuance of this trust, shall not operate as a dissolution or termination of the trust, nor shall it have any effect whatever upon said Trust Estate, its operation or mode of business, nor shall it entitle his heirs or assigns or representatives to take any action in the courts of law or equity against the estate, its Trustee or property, or its business operations, of any kind, except as provided by law, all of which shall remain intact and undisturbed thereby, but shall succeed only to the rights of the original beneficiary as herein set forth." Paragraph eleven provides: "At the time of the death of each or any respective beneficiary, his equitable interest in said Trust Estate, unless disposed of otherwise by said beneficiary, shall pass to and vest in his heirs in accordance with the laws of descent, distribution and succession of the State of Louisiana then in force, applicable to the equitable interest of such beneficiary in the Trust Estate." Paragraph seventeen of the trust instrument provides that at the termination of the trust as to each or any respective beneficiary, the trustee shall convey his interest in the trust property to the beneficiary or to his heirs or successors, as the case might be.

The fundamental question before the court is as

follows: Under what circumstances can a judgment creditor obtain satisfaction of a judgment by proceeding against the interest of a beneficiary of trust property?

(1) If a trust is created for a group of people whose interests are inseparable, a beneficiary's interest can be reached by neither the beneficiary nor by his creditors. *Restatement, Second, Trusts* § 161 (1959). See also, *Mandel v. Fulcher,* 86 Ga. 166 (12 SE 469) (1890). It is also well established that if the beneficiary's interest is indefinite or contingent, it cannot be reached by creditors. *Restatement, Second, Trusts* § 162 (1959). See also, *Camp v. Aetna Life Ins. Co.,* 220 Ga. 832 (142 SE2d 248) (1965). " ' A bare contingency or possibility may not be the subject of the sale, unless there shall exist a present right in the person selling to a future benefit.' " *Yancey v. Grafton,* 197 Ga. 117 (27 SE2d 857) (1943). Further, an attempt to convey such an interest as one might later acquire is invalid and ineffectual. *Trammell v. Inman,* 115 Ga. 874 (42 SE 246) (1902). Although a bare possibility or expectancy of an interest may not be conveyed, "[a] future interest or estate may be conveyed by deed; but it must operate to transfer the title immediately, or the instrument will be testamentary and revocable." Code Ann. § 29-103.

Taking these principles into account it is important to determine the nature of the interest Hunt holds. The distinction generally recognized between a vested and contingent interest is that the contingent interest, as opposed to the vested interest, is subject to uncertainty as to the *right* of enjoyment in the future. *Grant v. Grant,* 187 Ga. 807, 816 (2 SE2d 421) (1939). An interest is vested if subject to no condition precedent except the termination of the preceding estates. *Id.* This is true even though there may be some uncertainty as to the possibility of enjoyment, as opposed to uncertaintly as to the *right* to future enjoyment. Uncertainty as to the *right* of future enjoyment is the hallmark of a contingent interest, whereas uncertainty as to whether an estate will ever take effect in possession is incidental to even vested remainders. *Walters v. Walters,* 163 Ga. 884, 890 (137 SE 386) (1926).

We therefore find Hunt holds a vested interest in a

portion of the trust.

(2) Appellants Hunt and Henderson contend that the trust in question is a discretionary trust and, therefore, beyond the reach of creditors. A discretionary trust is a trust under the terms of which the trustee has absolute discretion as to the payment of principal and interest to beneficiaries. *Restatement, Second, Trusts* § 155 (1959). A transferee or creditor cannot compel payment of principal or interest from the trustee because the beneficiary could not himself compel such payments. Of great importance to this case is the fact that the trust instrument provides for ultimate distribution of the beneficiary's interest upon dissolution of the trust, such distribution being mandatory rather than discretionary. Where the beneficiary is ultimately entitled to the whole or a specific part of the trust, the trustee cannot be said to have absolute discretion, and the trust is not a discretionary trust. *Restatement, Second, Trusts* § 155, Comment c at 324 (1959).

Appellant cites *Ivey v. Grogan,* 241 Ga. 175 (243 SE2d 874) (1978), as authority for the proposition that the requirement of ultimate distribution of the trust corpus does not affect the status of the trust as discretionary. This case does not support appellants' contention inasmuch as it merely addresses the question of validity of a particular trust, not whether creditors of a beneficiary could reach the interest of the beneficiary.

We agree, therefore, with the superior court's characterization of this trust as non-discretionary. We further affirm the superior court's finding that paragraph eighteen of the trust instrument which clearly provides that it was the intention of the settlor to create four distinct and separate trusts demonstrates that a sale of Hunt's interest would not cause a detrimental impact upon other beneficiaries.

(3) Appellants also contend that the superior court erred in ordering a sale of Hunt's interest in the trust inasmuch as the terms of the trust make it inalienable and beyond the reach of creditors. Relying upon the language of paragraphs ten and eleven set out above, the superior court found that each beneficiary had the right to assign his trust during his lifetime and dispose of his

interest by will. We agree. Accordingly, since the beneficiary had the right to transfer his interest during his lifetime, his interest cannot be characterized as inalienable.

(4) Appellants also argue the superior court's order is erroneous because Collins made no effort to exhaust his legal remedies and, therefore, could not bring a complaint in equity. Creditors can bring a bill in equity to reach the interest of a beneficiary under a trust unless the beneficiary's interest is exempt by the terms of the trust or by statute. Code §§ 37-408, 28-103. However, the creditor must exhaust legal remedies before proceeding in equity. II Scott, *The Law of Trusts,* § 147 (3d Ed. 1967). The requirement that legal remedies be exhausted does not apply if it appears that the attempt to exhaust legal remedies would be futile. *Restatement, Second, Trusts* § 147. Comment c at 307 (1959).

The trust in question is an executory trust, one in which something remains to be done by the trustee, and therefore, legal title is in the trustee and the trust is not subject to levy and sale in a legal proceeding. Code Ann. §§ 108-111, 108-111.1; *Jennings v. Coleman,* 59 Ga. 718 (1877); *Johnston v. Redd,* 59 Ga. 621 (1877). The beneficiary holds an equitable interest, and it is necessary that an equitable proceeding be brought to reach that interest. *Jennings v. Coleman,* supra. "Georgia law, as we view it, does not allow property held in trust to be levied upon by creditors, judgment or otherwise, of a beneficiary of the trust." *Smith v. Francis,* 221 Ga. 260, 265 (140 SE2d 439) (1965). Similarly, the legal remedy of garnishment is unavailable to the judgment creditor here. Inasmuch as the trust has not terminated according to the record, the trustee would respond to a summons of garnishment by denying that there was any amount owed the beneficiary. Consequently, we find that Collins' suit in equity was properly brought.

(5) Appellants finally contend that the sale ordered by the superior court is beyond the discretion of the superior court. Appellants suggest that, at most, appellee would be entitled to an equitable lien on the proceeds finally distributed by the trustee at termination. We disagree. It is a generally accepted principle that a trust is

a judicial entity separate from its beneficiaries. Lettie Pate Whitehead Foundation, Inc. v. United States, 606 F 2d 534 (1979). However, the separateness of the trust entity from its beneficiaries does not preclude the ownership of a vested interest in the trust by the beneficiary. In Division 1 of this opinion, we have held that Hunt is the owner of a vested interest in a portion of the trust. In Division 3, we have held that Hunt has the right to convey his interest in the trust during his lifetime as well as at his death by will. The fact that the property right held by Hunt is a right of enjoyment in the future does not prevent a judgment creditor from securing an order for a sheriff's sale from a court of equity. The sheriff's sale, however, is limited to the beneficiary's interest in the trust as opposed to the trust assets. This is true because of the independent nature of the trust entity and the legal title held by the trustee. The motion to require sale filed by the creditor in this case asked only for a sheriff's sale upon the interest of the beneficiary in the trust. This motion was granted by the trial court and we interpret the trial court's order as authorizing a sale of Hunt's interest in the trust and not the assets of the trust. This order is proper and should be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 22, 1980 — DECIDED APRIL 29, 1980 — REHEARING DENIED MAY 20, 1980 IN CASE NO. 35815.

*Smith, Cohen, Ringel, Kohler & Martin, Kenneth L. Millwood,* for appellants (Case No. 35815).

*Glenville Haldi, James E. Flynn, Jr.,* for appellees (Case No. 35815).

*James E. Flynn, Jr.,* for appellant (Case No. 35816).

*Glenville Haldi, Kenneth L. Millwood,* for appellees (Case No. 35816).