S94A0863. JORDAN v. CASWELL et al.
(450 SE2d 818)

BENHAM, Presiding Justice.

In 1987, R. G. Jordan obtained a judgment against Jane M. Caswell and her husband, Jerry Caswell, Sr. Jane Caswell died after Jordan received partial payment of the judgment by settling his proof of claim filed in Jane's Chapter 11 bankruptcy petition prior to the bankruptcy's dismissal of the petition. Twelve days before her death in 1991, Mrs. Caswell executed a will in which she established a discretionary trust[1] containing the bulk of her estate to provide for the support of her surviving spouse, and appointed her husband and their son as trustees. She gave the beneficiary a limited power of appointment.[2] The trust expressly stated that the beneficiary did not have

---

[1] A discretionary trust is one in which the settlor provides that the trustee shall pay to or apply for the beneficiary only so much of the income or capital of the trust as the trustee sees fit to use for that purpose. Bogert, Law of Trusts (5th ed.) § 41, p. 159.

[2] During his life, the beneficiary could give his interest to the settlor's heirs and, at his

the power to appoint the property to himself, his estate, his creditors, or the creditors of his estate, and that the beneficiary's interest was not subject to the claims of any of his creditors. Thereafter, appellant Jordan filed an action seeking monetary damages as well as a declaration that the trust established by the last will and testament of Jane Caswell for the benefit of Jerry Caswell was null and void. The trial court denied Jordan's motion for summary judgment, and granted partial summary judgment to Jerry Caswell, individually as well as in his capacities as executor of his late wife's estate and as trustee of the testamentary trust, holding that the trust was valid and did not constitute a fraudulent transfer. Jordan has appealed from that decision.

1. In his verified complaint, appellant alleged that the creation of the testamentary trust was a fraudulent transfer violative of OCGA § 18-2-22, which, in specified circumstances, deems fraudulent against creditors a debtor's transfer, assignment, or conveyance of real or personal property. However, appellant also averred in his verified complaint that Mrs. Caswell was released from further liability on the judgment by virtue of a settlement agreement executed in bankruptcy court. In light of the admission in judicio that Mrs. Caswell was not Jordan's debtor, her establishment of a testamentary trust was not a debtor's act that could be deemed fraudulent against Jordan under § 18-2-22. After admitting in a deposition that he had received $37,600 from the bankruptcy trustee, appellant filed an unverified amendment to his complaint in which he alleged that Mrs. Caswell's estate remained indebted on the judgment because the trustee had not complied with the conditions of the 1990 settlement, and because Mrs. Caswell's bankruptcy petition culminated in a dismissal rather than a discharge. Inasmuch as the record contains a certified copy of the bankruptcy court order that dismissed the bankruptcy petition on the trustee's motion that Jordan's judgment lien claim had been paid in full, and appellant has produced no evidence to the contrary, there is no evidence that Mrs. Caswell's estate was indebted to Jordan. Therefore, summary judgment in favor of Mr. Caswell as executor of Mrs. Caswell's estate, upholding the validity of the trust against the allegation of fraudulent transfer, was warranted.

2. Appellant sought to have the trial court use its equitable powers to declare null and void the testamentary trust established by Mrs. Caswell for the benefit of her husband, Jordan's debtor. "Creditors may attack as fraudulent a judgment, conveyance, or any other arrangement interfering with their rights, either at law or in equity." OCGA § 18-2-21. "However, the creditor must exhaust legal remedies before proceeding in equity. [Cit.]" *Henderson v. Collins*, 245 Ga. 776

---

death, his interest was to be devised to the settlor's heirs as the beneficiary determined.

(4) (267 SE2d 202) (1980). The Georgia Trust Act (effective July 1, 1991) provides in OCGA § 53-12-28 (c), that spendthrift provisions are valid except for certain claims against distributions, one class of which claims is tort judgments. Appellant's claim against Mr. Caswell is based on a tort judgment, so it appears that he has a legal remedy pursuant to which he may make claims on distributions from the trust. Appellant has insisted, however, that the Georgia Trust Act, which became effective some months after the creation of the trust in question here, does not apply to the pre-existing trust because it would deprive him of vested rights. He does not explain what vested rights he would lose, however, and we are aware of none. He was a judgment creditor of Mr. Caswell's when the trust was established, with statutory rights to make claims against money coming into Mr. Caswell's possession, and he remains a judgment creditor with statutory rights to make claims against money coming into Mr. Caswell's possession. While appellant could have made a claim against the corpus of the trust during the several months between its creation and the effective date of the Georgia Trust Act, and may have been able, thereby, to obtain a vested right in that corpus, he did not make such a claim at that time. By the time he did make a claim, the Georgia Trust Act had become effective, including its provision that it applies to existing trusts unless "it would impair vested rights . . . ." Contrary to appellant's argument, application of the Georgia Trust Act to the trust involved in this case does not impair any vested right of his. That being so, the Georgia Trust Act applies and, since the Act gives appellant a statutory right to proceed against distributions from the trust, appellant is not entitled to equitable relief.

3. Finally, appellant argues that the limited power of appointment granted to Mr. Caswell as beneficiary renders the trust corpus vulnerable to creditors. His argument in that regard is based on *Henderson v. Collins*, supra. However, the trust involved in that case provided that the beneficiary had the power to alienate or devise his entire interest in the trust without limitation. In the present case, however, the beneficiary's right of appointment is restricted to the settlor's heirs. Since the limitations on the power of appointment maintain the settlor's control over the ultimate disposition of the corpus and do not give the beneficiary the unbridled discretion given to the beneficiary in *Henderson*, the principles which made that trust vulnerable to creditors do not apply to this case. It follows that the trial court was correct in granting summary judgment to Mr. Caswell and denying it to Mr. Jordan.

*Judgment affirmed. All the Justices concur.*

Decided November 21, 1994.

*Ronald J. Doeve,* for appellant.
*Mickey G. Roberts,* for appellees.