10768.  CALLAWAY *v.* GLOBE & RUTGERS FIRE INSURANCE CO.

STEPHENS, J. 1. Where suit is brought against a defendant who is the insured under a fire-insurance policy, and, after loss has occurred, the plaintiff serves summons of garnishment upon the insurer, seeking to subject to garnishment whatever indebtedness is due under the policy from the insurer to the insured, the plaintiff may, since the policy furnishes the standard by which the amount of the liability may be ascertained and fixed, recover against the garnishee upon proof of the defendant's claim against the garnishee and the defendant's debt to the plaintiff. 59 L. R. A. 366, note; 12 R. C. L. 804.

2. Where the garnishee, after having been served with summons of garnishment, and before final answer, enters into an agreement of settlement with the defendant and pays the amount agreed upon into court, such settlement does not bar the plaintiff from asserting in his own behalf the rights of the defendant against the garnishee under the insurance policy. Drake on Attachments, § 453; 14 Am. & Eng. Enc. Law (2d ed.), 867. See, in this connection, Civil Code (1910), § 5124; 13 Am. & Eng. Enc. Law (2d ed.), 326.

3. Such an agreement by the insurer and payment of the sum agreed upon into court amounts to an adjustment of the claim with the insured, and may amount to a waiver by the insurer of the conditions in the policy, if any, precedent to the right of the insured to recover under the policy. 19 Cyc. 805. The garnishing creditor may take advantage of such waiver, and, upon proof of the insured's actual loss under the policy, not exceeding the face value of the policy, and his own claim against the defendant, may recover against the garnishee.

4. The answer of the garnishee setting up as a defense such a settlement with the insured and a failure of the insured to comply with certain stipulations in the policy as to warranty and as to proof of loss, alleged by the garnishee as conditions precedent to its liability, and the evidence introduced by the plaintiff in support of his traverse to the answer of the garnishee tending to show that the property insured was at the time of the loss worth considerably more than the amount of the adjustment made in the settlement between the garnishee and the defendant, and the garnishee, by its action in adjusting the loss and paying the amount agreed upon into court, having

waived its right to insist upon any of the terms or conditions of the policy as conditions precedent to its liability, and the evidence not demanding the inference that there was a breach of warranty by the insured, a verdict sustaining the garnishee's answer was improperly directed.

*Judgment reversed. Jenkins, P. J., and Smith, J., concur.*

Decided September 27, 1920.

Garnishment; from Fulton superior court — Judge Reid.  May 5, 1919.

*Hines, Hardwick & Jordan,* for plaintiff.

*Moore & Pomeroy,* contra.