18106.    FIRE ASSOCIATION OF PHILADELPHIA *v.*
COOPER.

There was not such evidence of refusal of the insurance company to pay the loss in question as would relieve the plaintiff from proving that proper proofs of loss had been made; and the verdict in his favor was unauthorized.

DECIDED JUNE 14, 1927.

Garnishment; from city court of Polk county—Judge Tison. April 5, 1927.

The only witness who testified in regard to proof of loss or refusal to pay was W. A. Colquitt, who stated that he was a member of the firm that wrote the insurance policy. He testified: "After that policy was written there was a fire or loss on the part of the property insured. Thompson [the insured] notified

Fire Insurance, 26 C. J. p. 518, n. 62, 65; p. 544, n. 21, 29.

me. I immediately sent a loss notice to the company. The representative came here to look over the situation. . . He discussed the matter with me. As to whether I made any demands for the payment of this policy, I exchanged several letters and called over long-distance telephone about this policy, but I haven't kept any copies or records and couldn't tell just exactly the wording of the demands. I tried to get them to adjust this loss with Dr. Cooper [the plaintiff], and they refused. . . The adjuster came promptly after I sent him the notice. The loss never has been settled. He never gave me any notice that there was any adjustment made or that he would adjust it. They always left the impression with me that it would not be adjusted, would not be paid; just refused to pay it from the beginning. I would like to say that what I wanted to bring out was that whoever the adjuster was led me to believe that he couldn't recommend the payment of the policy. I was representing the assured as well as the company; I was interested in both parties. . . As to what complaint did any representative of the company ever make in regard to this loss, that no sufficient proof had been filed in regard thereto, there had been no such complaint made to me. I would like to state, if I stated the company had refused to pay it, I would like to modify that. They had been putting it off, stating that the fire marshal was investigating. . . As to whether he told me he would pay or not, no, he never did say positively whether they would or would not. . . I never had any notice or letter or anything from any officer or agent of the company saying that they would not pay it. I never told Mr. Thompson that the company declined to pay the loss. . . I never have myself, or as transmitting an order or direction from any other representative of the company, denied liability under the policy or refused to pay it. . . As the local agent of the company I have no authority whatever to adjust claims. . . My duties are solely to write and collect for the policies. . . As to what kind of notice of this loss I sent in to the company, I wouldn't swear positively. . . The notice I sent in was just a notice that the fire had occurred. There was no sworn proof of loss sent in by me, and none was ever made to me. None was ever demanded. I insisted on adjustment of the matter. . . They never claimed that there

was no proof of loss; in fact I never filed a sworn proof of any loss I ever had."

*Smith, Hammond & Smith, J. M. B. Bloodworth, Mundy & Watkins,* for plaintiff in error. *John K. Davis,* contra.

LUKE, J.  J. J. Cooper sued out an attachment against B. A. Thompson, and the attachment was levied by serving a summons of garnishment upon the Fire Association of Philadelphia. The controlling question is whether or not, on the trial of the issue raised by his traverse of the insurance company's answer to the garnishment, the plaintiff carried the burden of excusing himself from proving that proper proofs of loss had been made, by showing a refusal to pay by the insurance company. A careful study of the record discloses that this burden was not carried; and the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*