22101. AMERICAN INSURANCE COMPANY *v.* BLACK.

DECIDED FEBRUARY 10, 1933.    REHEARING DENIED MARCH 1, 1933.

*Jones, Jones, Johnston & Russell, Ed L. Benton,* for plaintiff in error.

*C. C. Crockett,* contra.

GUERRY, J.  R. W. Patisaul held a fire-insurance policy issued to him by American Insurance Company, covering personal property. On April 7, 1930, with the policy in force, a fire loss occurred. E. L. Black filed suit against Patisaul in the city court of Dublin on April 23, 1930, and on April 26th summons of garnishment was served on the insurance company. At that time no proofs of loss had been made under the policy, nor were proofs ever made or waived by the company until November 1, 1930, on which date, on receipt of proofs, the company paid the fire loss. On May 20, 1930, the garnishee filed an answer denying indebtedness to Patisaul, and this answer was traversed on the same day. After the filing of proofs and payment of the fire loss, and on April 10, 1931, trial of the traverse was had in the city court of Dublin, upon an agreed statement of facts, and the trial court found against the traverse, thereby sustaining the answer of the garnishee. On certiorari the superior-court judge reversed this finding and entered up final judgment in favor of the plaintiff Black and against the garnishee American Insurance Company, for the amount of plaintiff's judgment against Patisaul, and that judgment is before this court for review.

Counsel for both parties, in their agreed statement of facts upon which the case was tried, agree that "the issue now before the court is whether or not the garnishee was indebted to the defendant on April 26, 1930, which was the date of service of summons of gar-

nishment, and whether or not the garnishee became indebted to the defendant at any time between April 26, 1930, the date of service, and May 20, 1930, the date on which the answer of the garnishee was filed." The abstract question of law presented is well expressed by counsel for plaintiff in error as being "whether or not, after loss has occurred but at a time when proofs of loss have not been made, the interest of an insured under such policy is subject to garnishment by a creditor of the insured." This question has never been expressly decided in this State. The decisions of other courts upon the question are in conflict, the statutes under construction therein are varied, and the opinions seeking to sustain the various rulings are generally voluminous. Section 5271 of the Civil Code (1910) requires the garnishee to answer what he "owes" the defendant at the time of the service of the summons of garnishment. Section 5272 provides that "all debts owing to the defendant" are subject to the process. Section 5273 provides in part that "the service of the summons of garnishment shall in all cases operate as a lien on all the garnishee's *indebtness* at the time of the service, and also on all future indebtedness occurring up to the time of the date of the answer." (Italics ours.) From the foregoing it is quite evident that if the insurance company (garnishee) owed the defendant anything, or if any indebtedness to the defendant existed at the time of service of the summons of garnishment, the traverse should have been sustained. We do not think the question of "future indebtedness," under § 5273, is involved. The essence of the question therefore is whether, under such circumstances, the insurance company owed the defendant anything at the time it was served with the summons, the insured at that time not having made due proofs of loss, but the time within which such proofs could be made not having expired.

The policy in question contained this provision: "The sum for which this company is liable pursuant to this policy, shall be payable 60 days after due notice, ascertainment, estimate, and satisfactory proof of loss have been received by this company in accordance with the terms of the policy." It also contains a provision that "no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by insured with all the foregoing requirements, nor unless commenced within 12 months next after the fire." Upon the

above-quoted provisions of the policy counsel for plaintiff in error strongly base their contention that when served with the summons the insurance company owed the defendant nothing, and would never owe him anything except upon the happening of a certain contingency, to wit, the filing with the insurance company of proper proofs of loss. This raises the question whether, on the one hand, under such circumstances the insurance company owes the defendant any sum of money at the time of service of the summons, or whether, on the other hand, such indebtedness arises when, and only when, proofs of loss are filed or waived. The question may be stated thus: Does the indebtedness exist when a fire occurs with the policy in force, or does it commence when and after proofs of loss are furnished to the insurer, or waived by it?

We agree with able counsel for plaintiff in error that a debt payable only upon a contingency would not authorize a judgment against the garnishee. For example, liability under the policy was contingent upon the occurring of a fire loss; but we do not accept the view that the voluntary filing of proofs of loss by the insured (or by another in his behalf) is the act which *creates* the liability of the garnishee to the defendant; rather it is the proof of the liability that arose against the garnishee insurer when the fire occurred. A contingency is defined to be "A fortuitous event, which comes without design, foresight, or expectation." Black's Law Dictionary; 2 Words & Phrases, 1497. There is a broad distinction between a fortuitous or chance event and an event which is dependent and conditioned on an act which is within entire control of the party. The term "subject to garnishment" as used in § 5281 of the Civil Code refers to such fund as might be brought into subjection to garnishment, and hence applies only to demands resting in contract which the defendant could enforce in an action at law. Klipstein *v.* Allen-Miles Co., 136 Fed. 386.

The conclusion that the garnishee was indebted to the defendant at the time of service of the summons on April 26, 1930, is strongly supported by the fact that the insurance company paid the loss on November 1, 1930 (the same day it received the proofs of loss). The ruling made herein does not conflict, as contended, with the decision in the case of *McKay* v. *Rowland,* 20 *Ga. App.* 403 (93 S. E. 36), for in that case no indebtedness existed at the time the summons was served, nor did it even appear with any degree of certainty that it would ever exist.

The effect of this ruling will not be to deprive the insurer of any right concerning proofs of loss or otherwise which it has under the policy it issued to the defendant. See *Fire Association of Philadelphia* v. *Cooper*, 37 *Ga. App.* 43 (138 S. E. 864). If at the time of service of the summons the claim of the insured is barred because of failure within due time to make satisfactory proofs, then there is no indebtedness, and the garnishee can so answer. If, as in this case, there remains, at the time of filing answer, additional time in which, under the terms of the policy, the insured may yet file proofs (it being unknown to the insurer whether the same will be filed or not), the insurer is then unable to admit or deny the indebtedness, and may, as expressly provided for by § 5293 of the Civil Code, file its answer setting up the facts. The garnishee in the instant case did not refuse payment of the loss upon the ground that proofs were not filed in time, but paid the claim while the traverse was still pending, and after the expiration of the period during which proofs were required to be filed. The agreed statement of facts expressly stipulates that the insurance company did not waive its right to insist on proofs of loss within 60 days after the fire. Although proofs of loss were filed and payment made on November 1, 1930, almost seven months after the fire occurred, the garnishee can not now claim that it was not indebted to the defendant on April 26, 1930, the day on which it was served, which was only 19 days after the fire, and within the 60-day period in which proofs of loss could have been filed. If not indebted to the insured when the fire occurred, why should payment ever have been made?

The insurer, by the garnishment proceeding, will not, as contended by plaintiff in error, be deprived of the option, reserved by it in the policy, "to take all or any part of the articles at such ascertained or appraised value," nor be deprived of the option to "repair, rebuild, or replace the property lost or damaged with other of like kind and quantity within a reasonable time on giving notice, within 30 days after the receipt of the proof herein required, of defendant's intention to do so." The policy involved covered personalty only,—drugs and sundries and such other merchandise,—and therefore provisions as to repairing and rebuilding are not involved. Had the insurer elected to replace the property, such replacement would have constituted "property and effects" owed by it to defendant, and whether the garnishee pays in money or merchandise makes

no material difference. Hanover Fire Insurance Co. *v.* Conner, 20 Ind. App. 297. See Hurst *v.* Home Protection Fire Insurance Co., 81 Ala. 174 (1 So. R. 209).

To review or even refer to all the numerous cases cited by opposing counsel and carefully considered by us would unduly prolong this opinion. We invite attention to the case of Finch *v.* Great American Insurance Co., 101 Conn. 332 (125 Atl. 628, 38 A. L. R. 1068), and cit. We base our ruling in this case upon the view that the plaintiff, by service of summons of garnishment, obtained a lien upon such rights as the insured possessed under his fire insurance policy at the time of such service. Subsequent payment by the company to the insured shows that such a right had then existed, and therefore the garnishee, when it filed its answer, was actually indebted to the defendant.

*Judgment affirmed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. In my opinion, where a loss, covered by a policy of fire insurance, has occurred, the interest of the insured is not subject to garnishment by a creditor of the insured *at a time when proofs of loss have not been made as required by the provisions of the policy, and when there has been no waiver by the insurance company of its right to insist upon such provisions, and when there has been no absolute refusal by the company to pay.* See, in this connection, Civil Code (1910), §§ 5271, 5272; *Bates* v. *Forsyth,* 69 *Ga.* 365 (1-*b*) ; *Tim* v. *Franklin,* 87 *Ga.* 93 (13 S. E. 259) ; *Singer S. M. Co.* v. *Southern Grocery Co.,* 2 *Ga. App.* 545 (59 S. E. 473) ; *McKay* v. *Rowland,* 20 *Ga. App.* 403 (2) (supra). The decision in *Callaway* v. *Globe Ins. Co.,* 25 *Ga. App.* 649 (104 S. E. 415), is not in conflict with the foregoing ruling, for in that case the insurance company had waived its right to insist upon the provisions of the policy. I think that the certiorari in the instant case should have been overruled.