22871.   CAMP v. AETNA LIFE INSURANCE COMPANY et al.
22882.   AETNA LIFE INSURANCE COMPANY v. CAMP
et al. (cross bill).

ARGUED MARCH 9, 1965—DECIDED APRIL 8, 1965—REHEARING
DENIED APRIL 20, 1965.

*Wilson Brooks, Philip T. Keen,* for plaintiff in error (Case No. 22871).

*Southerland, Asbill & Brennan, James P. Groton, Madison Richardson, George Haas, Adam Hess,* contra.

*Southerland, Asbill & Brennan, James P. Groton, Madison Richardson, Adam Hess,* for plaintiff in error (Case No. 22882).

*Wilson Brooks, Philip T. Keen, George Haas,* contra.

MOBLEY, Justice. Under the view we entertain of this case, it will only be necessary to consider the cross bill, as the ruling thereon will decide the case.

We are of the opinion that the court was without jurisdiction to render an in rem judgment against the husband's property rights in the annuity contract between Aetna and the Arabian-American Oil Company. Courts of this State have the authority to seize property of nonresident defendants located within the

State. Jurisdiction in such cases is solely in rem jurisdiction which depends upon the existence within the State of the property, which must be capable of seizure in the proceeding, so that the court can obtain jurisdiction by having the property within its grasp. *Hood v. Hood,* 130 Ga. 610, 616 (61 SE 471, 19 LRA(NS) 193, 14 AC 359); *Forrester v. Forrester,* 155 Ga. 722 (118 SE 373, 29 ALR 1363). Jurisdiction here depends upon an in rem seizure of property, some definite property, or thing or res which can be seized and appropriated. A mere expectancy cannot be seized, *Yancey v. Grafton,* 197 Ga. 117 (27 SE2d 857), nor can a contingent remainder, *Watson v. Adams,* 103 Ga. 733, 736 (30 SE 577). In attachment and garnishment cases, there must be either physical property, or some debt owed by the garnishee to the defendant, which is definite or capable of being made definite without contingencies. *American Ins. Co. v. Black,* 46 Ga. App. 471 (168 SE 85).

There is no definite property, thing or res of the defendant Camp in the annuity contract in this State subject to in rem seizure. The annuity contract between Aetna and the Arabian-American Oil Company provided group coverage of employees of the oil company, which included Camp. The oil company made contributions to Aetna, as did the employee, and at some future date (1987 in Camp's case) he could retire and receive from Aetna monthly retirement payments, or he could retire at an earlier date with reduced payments. In case he left the employ of the oil company he could recover payments made by him into the fund plus interest. Or if he died before the retirement date such would be paid to his beneficiary. He is still within the employ of the oil company. The court purports to award to the wife as alimony the amount plus interest paid into the fund by her husband up to the date of the judgment which amounts to approximately $13,000 to be paid at some future date upon the happening of such events as would make the sum due and payable.

Camp's interest under the contract is a mere contingency or expectancy which has no present or ascertainable value. There is nothing presently due and owing the employee under the contract. There may never be, for he may not leave the employ

of the oil company and he may die before the annuity is payable, in which event his beneficiary receives the amount paid in by the employee plus interest. There are other options available, all of which depend upon the exercise thereof by Camp. Under the contract Camp is prohibited from assigning, pledging, encumbering, or disposing of his rights under the contract.

It must be remembered that the court has no jurisdiction of the person of the defendant, Camp, and no in personam judgment can be rendered against him, thus he cannot be ordered by the court to do anything. And the court can only proceed against property of his of which the court has in rem jurisdiction.

This court in *Farmers & Merchants Bank v. National Life Ins. Co.*, 161 Ga. 793 (131 SE 902, 44 ALR 1184), one judge concurring specially, a case in which all parties were before the court, held that a court of equity could not reach the cash surrender value of a life insurance policy, as the cash surrender value or loan value of the policy was a mere contingency, even though each had a definite market or loan value which could be converted into cash by the defendant. It could not be seized by a court of equity "or in any other proceedings at law or in equity." This states the majority view in this country according to an annotation at 44 ALR 1184. See U. S. v. Penn. Mut. Life Ins. Co., 130 F2d 495 (2).

The interest of the husband in this contract is indefinite, uncertain, and incapable of ascertainment, as it depends upon some future event, which may or may not occur. It is not a res, or thing such as will serve as the basis for in rem jurisdiction of the Superior Court of Fulton County.

The trial court was without jurisdiction of the contract No. Ga.—0444 between the defendant Aetna Life Insurance Company and the Arabian-American Oil Company of which Orville Charles Pratt Camp was a beneficiary, or of any property right of Camp therein; thus the judgment of the trial court awarding to the wife as permanent alimony the contribution made by Camp to the fund with interest to the date of the judgment and purporting to constructively seize that fund until some future date when Aetna might be required to pay it to Camp was error.

*Judgment on the cross bill reversed. Since the ruling on the cross bill disposes of the case, the main bill is dismissed. All the Justices concur.*