44883. PINKERTON & LAWS COMPANY v. INSURANCE COMPANY OF NORTH AMERICA et al.

SUBMITTED NOVEMBER 3, 1969—DECIDED JANUARY 16, 1970.

*Swift, Currie, McGhee & Hiers, Glover McGhee,* for appellant.

*Long, Weinberg & Ansley, Palmer H. Ansley,* for appellees.

BELL, Chief Judge. ■ Simply stated, the issue presented in this appeal is whether the garnishee insurance company, who is subject to the jurisdiction of the Civil Court of Fulton County, holds any assets of the defendant, a nonresident of Georgia, sufficient to create in rem jurisdiction through service of a summons of garnishment. The payment of an insurance premium in advance is not an asset that can be reached by this process. A paid premium is all earned when the policy issues and the risk attaches. *Nalley v. Hanover Fire Ins. Co.,* 56 Ga. App. 555, 565 (193 SE 619). Cancellation of the insurance by

either the insured or the company pursuant to and in compliance with policy provisions is the only circumstance by which any unearned premium would be due the insured. As there was no cancellation, there is no debt due from the garnishee insurance company to its insured insofar as pre-paid premiums are concerned. See *Farmers & Merchants Bank v. National Life Ins. Co.*, 161 Ga. 793 (131 SE 902, 44 ALR 1184); *Camp v. Aetna Life Ins. Co.*, 220 Ga. 832 (142 SE2d 248). The possible refund of a portion of the premium paid after an audit at the end of the policy year is a mere expectancy which is too indefinite and vague to be capable of seizure. *Camp v. Aetna Life Ins. Co.*, supra.

■ Plaintiff contends that the mere issuance of the liability policy by the garnishee to its insured, Nashville Flying Service, constitutes an asset in the hands of the garnishee which is subject to seizure by garnishment. In support of its contention, plaintiff relies upon our decisions in *Tweed v. Houghton*, 103 Ga. App. 57 (118 SE2d 496) and *Cox v. DeJarnette*, 104 Ga. App. 664 (123 SE2d 16). Neither case supports plaintiff's theory. In *Tweed* our holding was that the potential liability of an insurance company under a liability policy issued to a nonresident decedent who died in an automobile collision in Bartow County was an asset of the decedent's estate for the *purpose of founding an administration* in that county. In *Cox* we held that a liability policy of a charitable organization was a noncharitable asset to which the doctrine of charitable immunity did not apply; consequently to the extent of the policy coverage a tort action against a charitable institution was permissible.

The terms of the liability policy in this case provide that upon compliance with certain conditions as to furnishing notice of the claim or suit, co-operation of the insured, as well as coverage of the incident, the insurer will defend any action instituted and will pay any damages that the insured is legally obligated to pay within the policy limits and coverage. The policy also states that no action will lie against the company unless the insured has complied fully with all the conditions of the policy "nor until the amount of the insured's obligation to pay shall

have been finally determined either by judgment against the insured after the actual trial or by written agreement of the insured, the claimant and the company." From these summarizations of the policy provisions, it can be seen that the garnishee's liability to defendant is at best indefinite and based on contingencies. "In attachment and garnishment cases there must be either physical property, or some debt owed by the garnishee to the defendant, which is definite or capable of being made definite without contingencies." *Camp v. Aetna Life Ins. Co.*, 220 Ga. 832, 834, supra. Not only is there a lack of a judgment against the defendant, no suit even pends between plaintiff and defendant. Even if he had a judgment, the plaintiff would have to show the insured's compliance with all the conditions of the policy and connect the judgment with the garnishee's liability under the policy in order to establish any debt owing by the garnishee to the defendant in attachment. See *Lamb v. Allstate Ins. Co.*, 103 Ga. App. 107 (118 SE2d 740); *Hardware Mut. Cas. Co. v. Scott*, 116 Ga. App. 637 (158 SE2d 275).

The judgment of the trial court granting summary judgment for the garnishee is

*Affirmed. Eberhardt and Deen, JJ., concur.*