A98A1928. LOWERY et al. v. DALLIS.
(513 SE2d 740)

BEASLEY, Presiding Judge.

To collect a judgment against Burke, appellee Dallis served a summons of garnishment on Unique Entertainment, Inc., the payor of a promissory note in favor of Burke. After determining that Unique is now defunct, Dallis dismissed that action and brought the present action naming as garnishees appellees Lowery and Wilson, who guaranteed payment of the note.

Burke sold certain business assets to Unique pursuant to an agreement which rendered him liable for all preexisting business liabilities. The purchase price was paid by way of Unique's promissory note to Burke. Wilson and Lowery, who are officers of Unique, signed the note as obligors. Unique later notified Burke that it was discontinuing payment of the note due to a claim against the business for

which he was liable. Burke's failure to have satisfied such a claim would have constituted a breach of contract.

Dallis sued Lowery and Wilson based on their liability to satisfy the unpaid balance of the note. In their answers, Lowery and Wilson asserted Burke's breach of contract as a defense. Dallis traversed the answers. At an unreported traverse hearing, Lowery and Wilson entered pro se appearances. A transcript prepared from recollection by the judge shows that at the hearing the court determined that Lowery and Wilson are personally liable on the note because they signed as obligors and admitted their signatures are genuine. Based on their representations that they had made substantial payments on the note which could not then be documented, the court held a second hearing for the presentation of evidence of set-off.

Following the initial hearing, Lowery and Wilson hired counsel, who moved to dismiss Dallis' traverse of Lowery's answer on the ground that the court lacked jurisdiction over him because of insufficient service of process. Following a reported second hearing, the court denied the motion to dismiss, granted the traverses, and entered a money judgment against Lowery and Wilson. We granted their application for discretionary appeal.

1. The trial court did not err in denying Lowery's motion to dismiss Dallis' traverse of his answer, as the defense of insufficient service of process was waived by Lowery's failure to raise it either in his answer or by motion filed before or simultaneously with the answer.[1]

2. The trial court did err in granting Dallis' traverses of Lowery's and Wilson's answers.

"The traverse of the garnishee's answer shall be a statement . . . that the garnishee's answer is untrue or legally insufficient. Such statement places in issue all questions of law and fact concerning the garnishee's answer."[2]

> In an action to enforce the obligation of an accommodation party to pay an instrument, the accommodation party may assert against the person entitled to enforce the instrument any defense . . . that the accommodated party could assert against the person entitled to enforce the instrument, except the defenses of discharge in insolvency proceedings, infancy, and lack of legal capacity.[3]

---

[1] See OCGA § 9-11-12 (b), (h) (1) (B); *Whitley v. Hsu*, 260 Ga. 539 (397 SE2d 694) (1990); *Pascoe Steel Corp. v. Turner County Bd. of Ed.*, 139 Ga. App. 87, 88 (1) (227 SE2d 887) (1976).

[2] OCGA § 18-4-86.

[3] OCGA § 11-3-305 (d).

Unique's promissory note to Burke is a negotiable instrument,[4] Lowery and Wilson are accommodation parties, and Unique is the accommodated party.[5]

Consequently, in this action to obtain funds allegedly due on the note, Lowery and Wilson may assert as a defense that the payee of the note, Burke, is not entitled to all or part of the funds because he committed a breach of contract.[6] Even though Lowery and Wilson admitted the validity of their signatures on the note, Dallis is not entitled to recover fully or at all if the defense is totally or partially proven.

> If the validity of signatures is admitted or proved and there is compliance with [Code section 11-3-308 (a)], a plaintiff producing the instrument is entitled to payment if the plaintiff proves entitlement to enforce the instrument under Code Section 11-3-301, *unless the defendant proves a defense* or claim in recoupment.[7]

Therefore, the trial court erred in ruling at the initial traverse hearing that Lowery and Wilson are liable on the note solely because they admitted the genuineness of their signatures. This ruling had the effect of limiting the issue at the next hearing to the question of set-off, thereby precluding them from establishing their defense.

3. For various reasons, Lowery and Wilson argue that they were entitled to judgment in their favor.

(a) Since they admittedly signed the note as obligors, unavailing is their argument that the note cannot be enforced against them without a piercing of Unique's corporate veil.

(b) Nor are they in any way aided by their assertion that Unique's debt to Burke is unenforceable as payable only on a contingency.[8]

In the note, Unique obligated itself to pay the stated indebtedness in monthly installments followed by a balloon payment on specified dates. Lowery and Wilson claim that the indebtedness is contingent because Burke's right to declare Unique in default is

---

[4] OCGA § 11-3-104.

[5] OCGA § 11-3-419 (a).

[6] See *Speir v. Nicholson*, 202 Ga. App. 405, 408 (2) (414 SE2d 533) (1992) (recognizing breach of contract as a defense to liability on a note).

[7] (Emphasis supplied.) OCGA § 11-3-308 (b); see *Malone v. Price*, 138 Ga. App. 514, 516 (1) (226 SE2d 623) (1976) (defendant has burden of proving defense to payment of note); see also *Estridge v. Janko*, 96 Ga. App. 246, 255 (2) (99 SE2d 682) (1957) (although burden is on garnishment plaintiff to sustain traverse of garnishee's answer by a preponderance of the evidence, burden of evidence shifts and onus is on garnishee to prove existence and validity of any counterclaim he seeks to set off against debt owed by him to defendant).

[8] See generally *American Ins. Co. v. Black*, 46 Ga. App. 471, 473 (168 SE 85) (1933).

conditioned upon the happening of one of six specified events. The first is "default in the payment of any money due, and failure to cure default within 30 days from receipt of written notice to cure." The argument that this renders the underlying debt contingent is frivolous.

(c) Although Lowery and Wilson have raised a valid defense to payment of the note, the evidence of record does not establish that the defense is meritorious.

(d) Equally unsuccessful is Lowery's and Wilson's argument that Dallis' traverses of their answers were untimely under OCGA § 18-4-85, in that the traverses were not served on them until over two months after their answers were filed.

OCGA § 18-4-85 requires the plaintiff to traverse the garnishee's answer within 15 days after it is "served" if the garnishee "serves his answer on the plaintiff as provided for in Code Section 18-4-83." OCGA § 18-4-83 provides that all answers by the garnishee shall be served upon the plaintiff or his attorney concurrently with filing, so long as the name and address of the plaintiff or his attorney appear on the face of the summons of garnishment. Service may be shown by written acknowledgment of the plaintiff or his attorney, or by the certificate of the garnishee or his attorney, attached to the garnishee's answer.

Even though the name and address of Dallis' attorney appeared on the summons of garnishment, no certificates of service were attached to the answers, and neither Dallis nor his attorney acknowledged service. The requirement that Dallis traverse the answers within 15 days of service was never triggered.

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 29, 1999 —
RECONSIDERATIONS DENIED MARCH 5, 1999 AND MARCH 30, 1999.

*Begner & Begner, Alan I. Begner*, for appellants.
*Loewenthal & Jackson, Glenn A. Loewenthal, Gary E. Jackson*, for appellee.